# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMERICAN BAR ASSOCIATION,

    Plaintiff-Appellee,

    v.

EXECUTIVE OFFICE OF THE
PRESIDENT, et al.,

    Defendants-Appellees,

ANDREW DELNEY
    Appellant.

No. 26-5128
Civil Case No. 25-01888

# APPELLEE AMERICAN BAR ASSOCIATION'S MOTION FOR SUMMARY AFFIRMANCE

i

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................2

    A.    Delaney's antagonistic history with one of the law firms targeted by an Executive Order, WilmerHale. ......................................2

    B.    Delaney's appeal of the District Court's denial of his request to intervene. ..................................................................................4

LEGAL STANDARDS ........................................................................................5

ARGUMENT .......................................................................................................7

    A.    This Court should summarily affirm the denial of Delaney's attempt to intervene as of right. ..............................................7

    B.    This Court should summarily affirm the denial of Delaney's attempt to permissively intervene. .....................................12

CONCLUSION ..................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alt. Research & Dev. Found. v. Veneman*,
262 F.3d 406 (D.C. Cir. 2001) .............................................................6, 11

*American Bar Association v. EOP*,
No. 1:25-cv-01888-AHA (D.D.C.) ............................................*passim*

*Anand v. U.S. Dep't of Health & Human Services*,
No. cv 21-1635 (CKK), 2022 WL 2753244 (D.D.C. Jan. 19, 2022) ................10

*Beres v. Daily Journal Corporation*,
No. 22-cv-60123-WPD, 2022 WL 17174475 (S.D. Fla. Nov. 23,
2022) ...............................................................................................2

*Beres v. RELX, Inc.*,
No. 25-cv-79-SM-AJ, 2025 WL 972864 (D.N.H. Apr. 1, 2025) ........................2

*Cascade Broadcasting Group Ltd. v. FCC*,
822 F.2d 1172 (D.C. Cir. 1987) ..............................................................6

*Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*,
323 F.R.D. 54 (D.D.C. 2017).............................................................13, 15

*Defs. of Wildlife v. Jackson*,
284 F.R.D. 1 (D.D.C. 2012)...................................................................9

*Defs. of Wildlife v. Perciasepe*,
714 F.3d 1317 (D.C. Cir. 2013)...............................................................9

*Delaney v. HC2, Inc.*,
2026 WL 366443 (2d Cir. 2026) .............................................................2

*Delaney v. Messer*,
No. 22-cv-1664, 2023 WL 2614099 (E.D.N.Y. Mar. 20, 2023) ........................2

*Delaney v. RELX Inc. et al.*,
No. 27-cv-23-18222 (Minn. Dist. Apr. 3, 2024) ..........................................2

*Delaney v. RELX Inc.*,
No. 154424/2024 (N.Y. Sup. Ct. N.Y. Cty. Oct. 10, 2024) ...................................2

*Delaney v. Sullivan & Cromwell LLP*,
212 N.Y.S.3d 817 (Sup. Ct., New York County 2024) ........................................2

*E.E.O.C. v. Aramark Corp., Inc.*,
208 F.3d 266 (D.C. Cir. 2000)...................................................................................7

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
146 F.3d 1042 (D.C. Cir. 1998)...........................................................................12, 13

*HC2, Inc. v. Delaney*,
510 F. Supp. 3d 86 (S.D.N.Y. 2020) .........................................................................2

*HRH Services LLC v. Travelers Indem. Co.*,
No. 23-cv-02300, 2024 WL 4699925 (D.D.C. Nov. 6, 2024)............................11

*Huron v. Cobert*,
809 F.3d 1274 (D.C. Cir. 2016).................................................................................13

*In re Endangered Species Act Section 4 Deadline Litig.*,
704 F.3d 972 (D.C. Cir. 2013)....................................................................................6

*Mass. School of Law at Andover, Inc. v. U.S.*,
118 F.3d 776 (D.C. Cir. 1997)..................................................................................11

*Old Dominion Elec. Coop. v. FERC*,
892 F.3d 1223 (D.C. Cir. 2018)..................................................................................7

*Ryan v. Commodity Futures Trading Comm'n*,
125 F.3d 1062 (7th Cir. 1997) ..................................................................................15

*Sierra Club v. McCarthy*,
308 F.R.D. 9 (D.D.C. 2015)........................................................................................15

*Taxpayers Watchdog, Inc. v. Stanley*,
819 F.2d 294 (D.C. Cir. 1987).....................................................................................6

*U.S. v. Am. Tel. and Tel. Co.*,
642 F.2d 1285 (D.C. Cir. 1980)................................................................................10

*U.S. v. Philip Morris, Inc.*,
566 F.3d 1095 (D.C. Cir. 2009)......................................................................9

*Walker v. Washington*,
627 F.2d 541 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 994 (1980).....................5

*WilmerHale v. EOP*,
784 F. Supp. 3d 127 (D.D.C. 2025)............................................................3, 10

*WilmerHale v. EOP*,
No. 1:25-cv-00917-RJL (D.D.C.).....................................................................3

*Yocha Dehe v. Dep't of Interior*,
3 F.4th 427 (D.C. Cir. 2021)............................................................................6

**Rules**

Fed. R. App. P. 29 ........................................................................................15

Fed. R. Civ. P. 24 ....................................................................................*passim*

**Regulations**

Addressing Risks from WilmerHale, Executive Order 14250,
90 Fed. Reg. 14549 (Mar. 27, 2025)................................................................2

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and
Procedure* § 1901 (3d ed. 1998 & Supp.)........................................................16

U.S. Court of Appeals for the D.C. Cir., *Handbook of Practice &
Internal Procedures*, § VIII.G (2025)...............................................................6

**INTRODUCTION**

Appellant Andrew Delaney, a disgruntled former contract attorney for Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), appears to hold strong opinions about law firms and the Executive Orders ("EOs") that President Trump issued against several of them. So do many Americans. But holding a strong opinion about the subject of a lawsuit does not entitle someone to intervene in that suit. The Court should summarily affirm the District Court's denial of Delaney's motion to intervene as a Defendant because further briefing and argument will not transform him into a proper party in this case.

Delaney's appeal is defective for the same reasons his motion to intervene failed. He cannot demonstrate a legally cognizable interest in this case, so he cannot intervene as of right under Federal Rule of Civil Procedure 24(a). His meritless legal arguments and unsupported allegations of bias give every reason to believe his participation in the case would frustrate, not facilitate, its just and speedy resolution, confirming the wisdom of the District Court's denial of permissive intervention under Federal Rule of Civil Procedure 24(b). Accordingly, Appellee the American Bar Association ("ABA") asks that this Court to summarily dispose of the instant appeal, so as to not waste party and judicial resources on unwarranted merits briefing and argument.

1

**BACKGROUND**

**A.  Delaney's antagonistic history with one of the law firms targeted by an Executive Order, WilmerHale.**

Several years ago, Delaney was a contract attorney for the staffing agency HC2, Inc. *Delaney v. HC2, Inc.*, 2026 WL 366443 (2d Cir. 2026), at \*1. In that capacity, he worked for WilmerHale on a project undertaken on behalf of a WilmerHale client. *Id.* After the project was canceled during the Covid pandemic, Delaney allegedly threatened the firm with a wrongful termination claim, demanded hundreds of thousands of dollars, and threatened to disclose confidential information he had obtained from the client during the project. *Id*. "A number of . . . lawsuits" ensued.[1] *Id.*

On March 7, 2025, President Trump signed Executive Order 14250, "Addressing Risks from WilmerHale." Dist. Ct. Dkt. No. 1 ("Compl.") ¶115. Like

---

[1] *See, e.g.*, *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86 (S.D.N.Y. 2020) (dismissing Delaney's counterclaims against HC2); *Beres v. Daily Journal Corporation*, No. 22-cv-60123-WPD, 2022 WL 17174475 (S.D. Fla. Nov. 23, 2022) (defamation claim against a news outlet for reporting on the HC2 litigation); *Delaney v. RELX Inc. et al.*, No. 27-cv-23-18222 (Minn. Dist. Apr. 3, 2024) (defamation claim against a different news outlet); *Delaney v. RELX Inc.*, No. 154424/2024 (N.Y. Sup. Ct. N.Y. Cty. Oct. 10, 2024) (defamation claim); *Beres v. RELX, Inc.*, No. 25-cv-79-SM-AJ, 2025 WL 972864 (D.N.H. Apr. 1, 2025) (defamation claim). Delaney's claims were largely dismissed and his appeals were stayed in light of his ongoing bankruptcy proceedings. *See Delaney v. Messer*, No. 22-cv-1664, 2023 WL 2614099, at \*11, \*2 (E.D.N.Y. Mar. 20, 2023) (criticizing Delaney's "lack of candor" in bankruptcy proceedings and explaining that he had earlier filed "five motions to dismiss his bankruptcy petition" whose "concepts" were "the same"). *See also Delaney v.*

other targeted firms, WilmerHale soon sought and received injunctive relief against the EO. *WilmerHale v. EOP*, 784 F. Supp. 3d 127 (D.D.C. 2025). After the WilmerHale case was closed, on June 20, 2025, Delaney belatedly attempted to intervene in the lawsuit as a defendant. *WilmerHale v. EOP*, No. 1:25-cv-00917-RJL (D.D.C.) at Dkt. Nos. 118–19. Four days later, he filed his motion to intervene in this matter under Rule 24, accompanied by a proposed motion to dismiss. *American Bar Association v. EOP*, No. 1:25-cv-01888-AHA (D.D.C.) ("Mot. to Intervene") at Dkt. Nos. 11–13.

The *WilmerHale* court denied Delaney leave to file his motion to intervene in that case on June 27, 2025. 6/27/25 Minute Order, *WilmerHale v. EOP*, 1:25-cv-00917-RJL (D.D.C.).

The District Court in the instant matter likewise denied Delaney's motion to intervene. *See* 3/31/26 Minute Order, *American Bar Association v. EOP*, No. 1:25-cv-01888-AHA (D.D.C.) (attached as Exhibit A). It held that Delaney could not intervene as of right under Rule 24(a) because he had identified neither "any federal statute providing an unconditional right to intervene" nor "any interest relating to the subject of this action sufficient to support intervention." *Id.* And because Delaney did "not have a claim or defense that shares with the main action a common question

---

*Sullivan & Cromwell LLP*, 212 N.Y.S.3d 817 (Sup. Ct., New York County 2024) (unrelated suit brought against a different law firm).

3

of law or fact," the District Court exercised its discretion to decline to permit intervention under Rule 24(b). *Id.*

**B.     Delaney's appeal of the District Court's denial of his request to intervene.**

Delaney appealed the District Court's denial to this Court. He has submitted five purported issues on appeal from the District Court's order denying intervention:

> 1) Whether the district court erred in requiring Appellant to identify a federal statute granting an unconditional right to intervene under Rule 24(a)(2).
>
> 2) Whether the district court erred in concluding Appellant lacked a legally protectable interest relating to the subject of the action.
>
> 3) Whether the district court erred in failing to analyze impairment of Appellant's asserted interests.
>
> 4) Whether the district court erred in concluding that Appellant's interests were adequately represented.
>
> 5) Whether the district court abused its discretion in denying permissive intervention under Rule 24(b).

Appeal Doc. No. 2173315. In his Notice to the District Court, Delaney elaborated on these issues, providing some slight further insight into his intended arguments on appeal. Specifically, he framed his issues as follows:

> 1) Whether the district court erred in denying intervention as of right under Federal Rule of Civil Procedure 24(a)(2) by misapplying the requirement of a "legally protectable interest," where Appellant alleged concrete, particularized economic and litigation-related harm arising from the challenged conduct and Executive Orders.
>
> 2) Whether the district court erred in requiring Appellant to identify a federal statute providing an unconditional right to intervene, where

4

Rule 24(a)(2) independently permits intervention based on a sufficient interest, impairment, and inadequate representation.

3) Whether the district court erred in concluding that Appellant lacked an interest relating to the subject of the action, where Appellant alleged direct personal harm from the practices of the law firms at issue and sought to defend Executive Orders that allegedly protect him from such harm.

4) Whether the district court erred in denying permissive intervention under Federal Rule of Civil Procedure 24(b)(1) by concluding that Appellant lacked a claim or defense sharing common questions of law or fact with the main action, where Appellant sought to defend the legality and necessity of the same Executive Orders challenged in the case.

5) Whether the district court abused its discretion in denying permissive intervention by failing to consider Appellant's unique perspective and interests, which were not adequately represented by existing parties, and by allowing numerous amici supporting one side while excluding Appellant entirely.

6) Whether the denial of intervention, in the context of permitting extensive amicus participation aligned with one side, resulted in a one-sided proceeding that impaired Appellant's ability to protect his interests and undermined the fairness and balance contemplated by Rule 24.

Dist. Ct. Dkt. No. 48 ("Notice of Appeal") at 2. As explained in the ABA's memorandum below, no matter how they are framed, none of Delaney's issues warrants merits briefing.

## LEGAL STANDARDS

"[A] party who seeks summary disposition of an appeal must demonstrate that the merits of his claim are so clear as to justify expedited action." *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir. 1980) (per curiam), *cert. denied*, 449 U.S.

994 (1980). Before this Court may summarily affirm the District Court's order, it "must conclude that no benefit will be gained from further briefing and argument of the issues presented." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297–98 (D.C. Cir. 1987) (per curiam) (internal citation omitted). "[M]otions for summary disposition will be granted where . . . plenary briefing, oral argument, and the traditional collegiality of the decisional process would not affect our decision." *Cascade Broadcasting Group Ltd. v. FCC*, 822 F.2d 1172, 1174 (D.C. Cir. 1987) (per curiam) (internal citation and quotation marks omitted). "Parties are encouraged to file such motions where a sound basis exists for summary disposition." D.C. Circuit Handbook of Practice & Internal Procedures, § VIII.G.

The Court's "review of the denial of a motion to intervene as of right is *de novo* for issues of law, clear error as to findings of fact, and abuse of discretion as to issues that involve a measure of judicial discretion." *Yocha Dehe v. Dep't of Interior*, 3 F.4th 427, 430 (D.C. Cir. 2021) (internal citation and quotation marks omitted). "[T]he denial of intervention as of right is an appealable, final order regardless of the merits of the claim for intervention as of right." *Alt. Research & Dev. Found. v. Veneman*, 262 F.3d 406, 409 (D.C. Cir. 2001). The denial of a motion for permissive intervention "is not usually appealable in itself, although the court may exercise its pendent appellate jurisdiction to reach questions that are 'inextricably intertwined with ones of which we have direct jurisdiction.'" *In re Endangered Species Act*

6

*Section 4 Deadline Litig.*, 704 F.3d 972, 979 (D.C. Cir. 2013) (internal citation omitted).

## ARGUMENT

The Court should summarily affirm the District Court's denial of Delaney's motion to intervene because further briefing and argument will not change two basic realities. First, Delaney cannot meet the requirements to intervene as of right because he lacks a legally cognizable interest in this case. Second, the District Court acted well within its broad discretion to deny permissive intervention.[2]

**A. This Court should summarily affirm the denial of Delaney's attempt to intervene as of right.**

Delaney argues that the District Court erred in denying intervention as of right four times over: by "requiring Appellant to identify a federal statute granting an unconditional right to intervene"; by "concluding that Appellant lacked an interest

---

[2] Plaintiff maintains that Delaney's meritless intervention request fails at the threshold because Delaney lacks Article III standing. *See* Plaintiff's Memorandum of Law in Opposition to Andrew Delaney's Motion to Intervene, *American Bar Association v. EOP*, No. 1:25-cv-01888-AHA, at 4–6 (explaining that Delaney has not suffered an injury-in-fact to a concrete interest, cannot trace this nonexistent injury to Plaintiff's lawsuit, and will be unable to redress it given the existence of a separate injunction barring enforcement of the WilmerHale EO); *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232 (D.C. Cir. 2018) ("[A]ll would-be intervenors must demonstrate Article III standing."). Because the District Court did not address this argument, the Court need not do so here—though it may affirm on any basis. *E.E.O.C. v. Aramark Corp., Inc.*, 208 F.3d 266, 268 (D.C. Cir. 2000) ("[B]ecause we review the district court's judgment, not its reasoning, we may affirm on any ground properly raised.").

relating to the subject of the action"; by "failing to analyze impairment of Delaney's interest; and by incorrectly concluding that his asserted interests were adequately represented. Appeal Doc. No. 2173315. None of these contentions succeed, nor will they benefit from any further development of the record before this Court.

Courts must grant intervention as of right if the movant shows either a statutory entitlement or a legally protected interest. Fed. R. Civ. P. 24(a). Delaney's first issue on appeal, that the District Court wrongly "requir[ed]" him "to identify a federal statute providing an unconditional right to intervene" and denied his motion on that basis, is easily disposed of: it misreads the Minute Order. Rather than requiring a statutory basis for intervention as of right, the Minute Order held that Delaney failed on *each* potential Rule 24(a) intervention ground, writing that he had "not identified" a statutory right "***nor*** ha[d] he identified" a cognizable interest. Exhibit A at 3/31/26 Minute Order (emphasis added). One ground would have sufficed, but Delaney could show neither.

Absent an unconditional statutory right to intervene, Rule 24(a)(2) imposes four requirements: that the would-be intervenor file a timely motion; that he possess an interest relating to the transaction which is the subject of the claim; that disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and that existing parties do not adequately represent that

interest. *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1322–23 (D.C. Cir. 2013). Operationalizing this standard, this Court has asked in the past whether "intervenors needed to intercede to protect their interests" in light of the Government's litigating positions. *U.S. v. Philip Morris, Inc.*, 566 F.3d 1095, 1146 (D.C. Cir. 2009). Delaney tacitly concedes that he lacks a statutory right to intervene—his issues on appeal do not claim otherwise. But while he seems aware that the Rule 24(a)(2) requirements therefore apply, he is unable to satisfy them.

Rather than identifying the requisite "legally protectable interest," *Defs. of Wildlife v. Jackson*, 284 F.R.D. 1, 6 (D.D.C. 2012), Delaney asserts bare conclusions. His motion to intervene before the District Court referenced, but did not explain, a putative "direct interest in the favorable President Trump's executive order preventing him from continue [*sic*] being subject to Wilmer Hale's misuse of the federal government and the judiciary." Mot. to Intervene at 5–6. It added that a loss for the Trump administration in this case "would be a significant injury to Delaney, who was protected" in some unspecified way "by President Trump's executive order against the corrupt Wilmer Hale." *Id.* at 6. In his notice of appeal, he adds that he has suffered "economic and litigation-related harm arising from the challenged conduct" and "direct personal harm from the practices of the law firms at issue"—harm the EOs "allegedly protect him from." Notice of Appeal at 2. Putting

9

aside that any arguments not made before the District Court are waived, Delaney still fails to specify what these harms are and how the EOs offer protection.

Such conclusory assertions do not state any interest in the case, much less an interest "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *U.S. v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1291–92 (D.C. Cir. 1980). Set aside that a favorable judgment for Defendants will not reinstate the several EOs that have been enjoined in separate proceedings: Delaney stands to gain or lose *nothing* from the EOs' enforcement or non-enforcement. It appears Delaney seeks to defend the EO targeting WilmerHale—which is the subject of a separate suit presently pending before this Court, *WilmerHale v. EOP*, 784 F. Supp. 3d 127, *appeal docketed*, No. 25-5277 (D.C. Cir. 2026)—because he has a dispute with WilmerHale. But Delaney has no more right to participate as a defendant in this case than anyone else who happens to dislike one of the targeted law firms. In short, Delaney fails to explain any legally protectable interest in this matter. A general "'interest' in the subject matter of the" litigation "is not a sufficient basis to permit" him "to intervene in the present lawsuit." *Anand v. U.S. Dep't of Health & Human Services*, No. cv 21-1635 (CKK), 2022 WL 2753244, at *2 (D.D.C. Jan. 19, 2022). This disposes of Delaney's second stated issue on appeal ("[w]hether the district court erred in concluding Appellant lacked a legally protectable interest relating to the subject of the action");

10

and the District Court cannot have considered "impairment" of an interest that does not exist, thus resolving Delaney's issue number three. Appeal Doc. No. 2173315.

Even if Delaney somehow stated a cognizable interest, the Government Defendants would adequately represent it. "Although an intervenor's burden of showing inadequacy of representation is minimal, a presumption of adequate representation exists if both the intervenor and existing party have the same ultimate objective." *HRH Services LLC v. Travelers Indem. Co*., No. 23-cv-02300, 2024 WL 4699925, at *9 (D.D.C. Nov. 6, 2024). That is the case here. Delaney calls himself a "beneficiar[y]" of the WilmerHale EO and insists that Plaintiff's lawsuit harms him by undermining it. Mot. to Intervene at 7. That is to say, Delaney and the Executive Branch want the same thing—for the lawless EOs against WilmerHale and other firms to be enforced, notwithstanding the numerous injunctions against them. His interests align with those of the Government Defendants. *Cf. Mass. School of Law at Andover, Inc. v. U.S.*, 118 F.3d 776, 781 (D.C. Cir. 1997) (explaining that a private party's belief that the Government should expend more resources on a case does not render representation inadequate when their interests are otherwise "closely aligned"). This disposes of Delaney's issue number four.

This Court has in the past summarily affirmed denials of intervention as of right. *Veneman*, 262 F.3d 406 (D.C. Cir. 2001). It should do so again here.

**B.** **This Court should summarily affirm the denial of Delaney's attempt to permissively intervene.**

Delaney also accuses the District Court of abusing its discretion in its denial of permissive intervention, per his filing in the District Court, for three reasons. *First*, because he "sought to defend the legality and necessity of the same Executive Orders challenged in the case," his defense shares "common questions of law or fact" with existing Defendants. Notice of Appeal at 2. *Second¸* he offers a "unique perspective" not shared by current parties. *Id*. *Third*, because the District Court's denial of his request to intervene compromised the fairness and balance of the litigation in light of the amicus participation the court permitted. *Id*. None of these purported concerns justify reversal, nor do they require further briefing or argument.

"In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). "Reversal of a district court's denial of permissive intervention is a very rare bird indeed." *Id.* at 1048 (internal citation and quotation marks omitted). This case is not so rare. The District Court's exercise of discretion was sound under the circumstances.

Delaney made virtually no argument in support of permissive intervention before the District Court, stating only that "[i]f the Court does not grant Delaney's

12

motion to intervene as a matter of right, he respectfully requests that the Court exercise its discretion to allow him to intervene under Rule 24(b)," and citing the requirements of Federal Rules of Civil Procedure 24(b)(1)(B) and 24(b)(3). Mot. to Intervene at 7. Delaney cannot raise new arguments on appeal. *Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016).

Nevertheless attempting to relitigate the District Court's denial, Delaney reasons that because he intends to defend the legality of the EOs, he possesses a "claim or defense that shares with the main action a common question of law or fact," Rule 24(b)(2). Notice of Appeal at 2. But, putting aside the waived nature of any arguments regarding permissive intervention, the fact that Delaney wants to defend the Government does not give him the right to intervene to do so—a rule to the contrary would mean that anyone could successfully intervene in any case by restating claims or defenses made by a proper party. Rather, permissive intervention is an "inherently discretionary enterprise," *E.E.O.C.*, 146 F.3d at 1046, and "[d]istrict courts have the discretion . . . to deny a motion for permissive intervention even if the movant established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question with the main action," *Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 323 F.R.D. 54, 66 (D.D.C. 2017). The court acted well within its discretion to do so here. Unlike the failed intervenor in *Cigar Association of America*, Delaney did not clear even

the low bar of advancing a defense that shares a common question with the litigation. Instead, he offers only his belief that the "executive orders were correct and were within [the President's] legal authority"—an argument the Government presumably shares. Mot. to Intervene at 2.

Next, Delaney points on appeal to his "unique perspective and interests, which were not adequately represented by existing parties" as a basis for permissive intervention. Notice of Appeal at 2. Putting aside that having "unique" views on a litigated dispute does not entitle a non-party to join in the litigation, Delaney's interests squarely align with those of existing Defendants—that is, he would like to see the law firm EOs enforced (though again, this case is not even litigating the specific EO he seems to care about). And none of his filings to date offers reason to believe that he has interests not already represented in this litigation. For example, in the proposed motion to dismiss he filed with his motion to intervene, Delaney argued that the instant case should be dismissed because the ABA purportedly lacks standing; the District Court lacked jurisdiction; and the EOs were within the Executive's authority. Dist Ct. Dkt. No. 11-1 at 2. Yet these are arguments the Government Defendants could easily raise (and they overlap with the arguments they have in fact already raised, *see* Dist. Ct. Dkt. No. 22-1).

More to the point, the relevant consideration is not whether Delaney is capable of making unique *arguments*, but whether he has identified unique *interests*

otherwise unrepresented in this litigation. He has not. Delaney's conclusory assertions and misapprehension of the relevant legal standards aside, it is clear that Delaney's further participation "is not essential for the 'just and equitable adjudication of the legal question[s] presented.'" *Cigar Ass'n of Am.*, 323 F.R.D. at 66 (quoting *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015)).

Finally, Delaney complains that the District Court's denial of intervention compromises the fairness of these proceedings. Notice of Appeal at 2. In service of this argument, Delaney points out that the Court has permitted "extensive amicus participation" in support of Plaintiff, but did not allow him to intervene. *Id*. As a ground for appeal, this too fails.

The standard to intervene as a party naturally differs from the standard to participate as an amicus. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (Posner, J., in chambers) (explaining that litigation may affect the amicus's interests "though not enough . . . to entitle the amicus to intervene"). A non-government amicus may file a brief "by leave of the court" or via consent of the parties. Fed. R. App. P. 29. Motions for leave to file must state the movant's interest and "the reason why an amicus brief is desirable." *Id.*; *see also* D.D.C. LCvR 7(o)(2) (similar standard). Because amici are not parties, they need not, for instance, establish standing or demonstrate a legally protectable interest. The key question is not whether their rights are at stake, but whether their participation

15

would help the court dispose of the case. It simply does not follow from the District Court's granting leave to several amici to file briefs as friends of the court that Delaney should therefore be granted the right to intervene as a party.

Fundamentally, Rule 24 does not seek to ensure that both sides of litigation are equally weighted; it seeks to protect the interests of third parties. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1901. Delaney has demonstrated no unprotected interest. The District Court rightfully denied his request to participate in this litigation—it certainly did not abuse its discretion in doing so.

Further briefing and argument with regard to Delaney's concerns is not warranted: there is no factual question or legal issue requiring elaboration.

**CONCLUSION**

The Court should summarily affirm the District Court's Minute Order.

Dated: June 8, 2026                    Respectfully submitted,

*/s/ Neal Stuart Manne*
SUSMAN GODFREY L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002
Telephone: (713) 653-7827
Facsimile: (713) 654-6666
Email: nmanne@susmangodfrey.com

Steven M. Seigel
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 526-3883
sseigel@susmangodfrey.com

*Attorneys for Plaintiff-Appellee*
*American Bar Association*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,964 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface, Times New Roman, using Microsoft Word in size 14-point font.

*/s/ Neal Stuart Mann*_____
Attorney for Plaintiff-Appellee
Dated: June 8, 2026


## CERTIFICATE OF SERVICE

I hereby certify that, on June 8, 2026, I electronically filed the foregoing using the appellate CM/ECF System. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system. In addition, a true and correct copy of the foregoing has been served via priority mail on Movant-Appellant Andrew Delaney, as indicated below:

Andrew Delaney
3430 McKelvey Road
PMB 1195 Ste L
Bridgeton, MO 63044
centrlmb@gmail.com

*/s/ Neal Stuart Manne*
Attorney for Plaintiff-Appellee