BI 14357622 1.2-10

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

-------------------------------------------------x

AMERICAN BAR ASSOCIATION,

    Plaintiff-Appellee,

v.

    Case No. 26-5128

EXECUTIVE OFFICE OF THE PRESIDENT, et al.,

    Defendants-Appellees,

-------------------------------------------------x

ANDREW DELANEY,

    Proposed Intervenor-Appellant.

-------------------------------------------------x

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUL 17 2026

RECEIVED

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

## I. INTRODUCTION

1. Appellee American Bar Association ("ABA") seeks the extraordinary remedy of summary affirmance. That request should be denied because this appeal presents substantial legal questions concerning the proper interpretation and application of Federal Rule of Civil Procedure 24. The district court denied Appellant's motion to intervene under legal standards that Rule 24 does not contain, creating questions of law that warrant full appellate briefing and ordinary consideration on the merits.

2. This appeal does not present a routine disagreement over the exercise of discretion. Rather, it presents threshold legal questions regarding whether the district court applied the correct provisions of Rule 24(a) and Rule 24(b). At a minimum, these issues are substantial, making summary affirmance inappropriate.

## II. SUMMARY AFFIRMANCE IS NOT WARRANTED

3. Summary affirmance is an extraordinary procedural device reserved for cases in which the merits are so clear that no substantial question is presented. *Taxpayers Watchdog, Inc, v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Where an appeal raises significant

1

legal questions concerning the interpretation of the Federal Rules of Civil Procedure, the parties and the Court benefit from full merits briefing rather than expedited disposition.

4. This appeal presents multiple substantial legal questions, including whether the district court applied legal requirements found nowhere in Rule 24, whether it employed the correct framework for evaluating intervention as of right and permissive intervention, and whether those legal errors affected the disposition of Appellant's motion. Because these issues are fairly debatable and capable of affecting the outcome of the appeal, summary affirmance should be denied.

## III. THE DISTRICT COURT'S MINUTE ORDER WAS REVERSIBLE LEGAL ERROR

### A. The Court Invented an Extra-Textual "Statute Requirement"

5. The district court denied intervention as of right because Appellant "has not identified any federal statute providing an unconditional right to intervene." This was legal error because Rule 24(a)(2) does not require a federal statute conferring an unconditional right to intervene

6. Rule 24(a)(2) exists specifically to allow intervention based on a "cognizable interest" and "practical impairment" *without* the need for a statutory entitlement.

7. By importing the requirements of Rule 24(a)(1) into Rule 24(a)(2), the court effectively erased the distinction between intervention by statute and intervention by interest, rendering the latter superfluous.

### B. The Court Failed to Conduct a Mandatory "Practical Impairment" Analysis

8. The trial court summarily concluded Appellant lacked a "cognizable interest." This was entirely conclusory. It also ignores that Appellant is a direct beneficiary of the Executive Orders at issue.

9. These Orders were designed to curb the very access, insider advantages, and undisclosed conflicts of the elite firms the ABA represents, and which Appellant has personally documented

2

in the record.

10. Under D.C. Circuit precedent, the interest requirement is "not a rigid or technical one." The court's refusal to analyze Appellant's specific economic and litigation-related exposure was an abuse of discretion.

**C. The Court Erred Regarding Permissive Intervention**

11. The court denied permissive intervention because Appellant "has not identified a federal statute providing a conditional right."

12. This reasoning entirely ignores Rule 24(b)(1)(B), which requires only a "common question of law or fact."

13. Because the ABA seeks to invalidate the EOs and Appellant seeks to defend them, a common question of law is conceptually undeniable. A court "by definition abuses its discretion when its decision rests on an error of law."

## IV. THE DISTRICT COURT'S LEGAL ERRORS WERE NOT HARMLESS

14. The legal errors identified above formed the express basis for Judge Ali's March 31, 2026 Minute Order. **(Exhibit 1)**. Because the court relied upon legal requirements that Rule 24 does not impose, this Court cannot presume that the same result would necessarily have followed under the proper legal standards.

15. Where a district court's exercise of discretion rests upon an incorrect interpretation of law, meaningful appellate review requires application of the proper legal framework. Accordingly, the errors identified by Appellant cannot be dismissed as harmless for purposes of summary affirmance.

## V. APPELLANT SATISFIED THE REQUIREMENTS FOR INTERVENTION

3

16. The record reflects that Appellant timely sought intervention, asserted interests directly affected by the litigation, explained how disposition of the action could impair those interests, and demonstrated why existing parties may not adequately represent his particular interests. Whether those showings ultimately satisfy Rule 24 presents issues appropriate for full merits briefing rather than summary disposition.

17. The district court did not meaningfully evaluate these Rule 24 factors before denying intervention. Instead, it relied primarily upon legal requirements applicable to different provisions of Rule 24. That approach presents substantial appellate issues warranting plenary review.

## VI. THE ABA'S CONFLICTED ATTEMPT TO SILENCE THE RECORD

18. The ABA is represented by counsel whose firm is directly affected by the Executive Orders challenged in this litigation. That circumstance underscores why Appellant sought intervention to present arguments that existing parties would not advance. Whether or not that circumstance independently warrants relief, it demonstrates that Appellant's asserted interests differ from those of the existing parties.

19. Appellee—acting for seven "disgruntled" law firms for the federal government— ironically characterizes Appellant as a "disgruntled former contract attorney." That characterization does not address the legal questions presented by this appeal. The issue before this Court is whether the district court correctly applied Rule 24, not Appellant's employment history.

20. The ABA is represented by Susman Godfrey LLP, which has a blatant conflict of interest as it is one of the seven firms directly affected by the EOs. While Susman Godfrey "flooded" the courts with **58 amicus briefs** to protect its own interests, it now asks this Court to summarily affirm an order that systematically excluded the only individual seeking to defend

4

those EOs. This "stark institutional asymmetry" created a one-sided proceeding that summary affirmance would only serve to codify.

21. Judge Amir allowed the ABA to file 58 amicus briefs, many of which are repetitive and add nothing to the case, while denying the only intervenor on the side of President Donald J. Trump participation in the case. This is the opposite of a "level playing field" in the federal courts. It also shows the logic of the EOs.

## VII. CONCLUSION

22. The ABA and Susman Godfrey seek to maintain a one-sided proceeding. Because the district court's order was built on fatal legal errors—and because the ABA's counsel failed to even email the Appellant this motion—this Court should **DENY** the Motion for Summary Affirmance.

RESPECTFULLY SUBMITTED this 3rd day of July 2026.

/s/ Andrew Delaney
**Andrew Delaney**
3430 McKelvey Road PMB 1195, STE L
Bridgeton, MO 63044
srview1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2026, I am serving a true and correct copy of the foregoing Motion for Leave to File Out of Time and Opposition to Summary Affirmance upon the following counsel of record via First Class U.S. Mail, postage prepaid:

Neal Stuart Manne, Esq.
Steven M. Seigel, Esq.
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
*Counsel for Appellee American Bar Association*

Dhruman Y. Sampat, Esq.
Johnny H. Walker, III, Esq.
U.S. Department of Justice
950 Pennsylvania Avenue, NW

Washington, DC 20530
*Counsel for Appellees Executive Office of the President, et al.*

**Special Note on Service:**

Although the ABA and Susman Godfrey possess my email address and are aware of my *pro se* status, they failed to provide me with electronic or physical service of their Motion for Summary Affirmance. I am providing this service to them today to ensure they receive the due process they denied me.

/s/ Andrew Delaney
Andrew Delaney
3430 McKelvey Road PMB 1195, STE L
Bridgeton, MO 63044
srview1@gmail.com

68 Beebe Pond Rd
Canaan, NY 12029
202-669-6311
Email: andreaferster@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2026 | | MINUTE ORDER. Movant Andrew Delaney's <u>11</u> motion to intervene is denied. Movant does not satisfy the requirements of Federal Rule of Civil Procedure 24. Movant has not satisfied the requirements to intervene as of right under Rule 24(a) because he has not identified any federal statute providing an unconditional right to intervene, nor has he identified any interest relating to the subject of this action sufficient to support intervention. *See Sierra Club v. McCarthy*, 308 F.R.D. 9, 11 (D.D.C. 2015) (explaining that the "legally protectable interest" needed for intervention as of right "must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment" (cleaned up)). The court will not exercise its discretion to grant permissive intervention under Rule 24(b)(1) because Movant has not identified a federal statute providing a conditional right to intervene and does not have a claim or defense that shares with the main action a common question of law or fact. *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (explaining that "permissive intervention is an inherently discretionary enterprise"). Signed by Judge Amir H. Ali on 3/31/2026. (lcaha1) (Entered: 03/31/2026) |
| 03/31/2026 | | MINUTE ORDER. Law Firm Partners United Inc.'s <u>28</u> unopposed motion for leave to file amicus brief and Past Presidents of the DC Bar et al.'s <u>29</u> unopposed motion for leave to file amicus brief in support of Plaintiff's opposition to motion to dismiss are granted. Signed by Judge Amir H. Ali on 3/31/2026. (lcaha1) Modified on 4/1/2026. (zalh) (Entered: 03/31/2026) |
| 03/31/2026 | 43 | MEMORANDUM OPINION AND ORDER. Defendants' <u>22</u> motion to dismiss is denied. See document for details. Signed by Judge Amir H. Ali on 3/31/2026. (lcaha1) (Entered: 03/31/2026) |
| 03/31/2026 | 44 | AMICUS BRIEF by LAW FIRM PARTNERS UNITED INC.. (mg) (Entered: 04/06/2026) |
| 03/31/2026 | 45 | AMICUS BRIEF by PAST PRESIDENTS OF THE DC BAR. (Attachments: # <u>1</u> Appendix)(mg) (Entered: 04/06/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/11/2026 12:04:11 | | | |
| **PACER Login:** | goldshop | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-01888-AHA Start date: 3/30/2026 End date: 3/31/2026 |
| **Billable Pages:** | 19 | **Cost:** | 1.90 |