ORAL ARGUMENT NOT SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br>  Plaintiff-Appellee,<br><br>  v.<br><br>EXECUTIVE OFFICE OF THE<br>PRESIDENT, et al.,<br><br>  Defendants-Appellees,<br><br>ANDREW DELANEY,<br><br>  Movant-Appellant | No. 26-5128<br>Civ A. No. 25-1888 |

**FEDERAL DEFENDANTS-APPELLEES' MOTION FOR
SUMMARY AFFIRMANCE**

Defendants-Appellees, the Executive Office of the President;

United States Department of Justice; Todd Blanche, in his official

capacity as Acting Attorney General of the United States; Office of

Management and Budget; Russell T. Vought, in his official capacity as

Acting Director of the Office of Management and Budget; Equal

Employment Opportunity Commission; Andrea R. Lucas, in her official

capacity as Acting Chair of the Equal Employment Opportunity

Commission; Office of Personnel Management; Scott Kupor, in his official

capacity as Director of the Office of Personnel Management; General

Services Administration; Edward C. Fost, in his official capacity as Administrator of the General Services Administration; Office of the Director of National Intelligence; Tulsi Gabbard, in her official capacity as Director of National Intelligence; Central Intelligence Agency; John Ratcliffe, in his official capacity as Director of the Central Intelligence Agency; Consumer Financial Protection Bureau; United States Department of Agriculture; Brooke Rollins, in her official capacity as Secretary of Agriculture; Department of Commerce; Howard W. Lutnick, in his official capacity as Secretary of Commerce; United States Department of Defense; Peter B. Hegseth, in his official capacity as Secretary of Defense; United States Department of Energy; Chris Wright, in his official capacity as Secretary of Energy; Department of Health and Human Services; Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services; United States Department of Homeland Security; Markwayne Mullin in his official capacity as Secretary of Homeland Security; United States Department of the Interior; Douglas Burgum, in his official capacity as Secretary of the Interior; Department of Labor; Keith E. Sonderling, in his official capacity as Acting Secretary of Labor; United States Department of

State; Marco A. Rubio, in his official capacity as Secretary of State; United States Department of Transportation; Sean P. Duffy, in his official capacity as Secretary of Transportation; United States Department of the Treasury; Scott Bessent, in his official capacity as Secretary of the Treasury; United States Department of Veterans Affairs; Douglas A. Collins, in his official capacity as Secretary of Veterans Affairs; Federal Bureau of Investigation; Kashyap Patel, in his official capacity as Director of the Federal Bureau of Investigation; Environmental Protection Agency; Lee M. Zeldin, in his official capacity as Administrator of the Environmental Protection Agency; Federal Energy Regulatory Commission; Laura V. Swett, in her official capacity as Chairman of the Federal Energy Regulatory Commission; David Rosner, in his official capacity as Commissioner of the Federal Energy Regulatory Commission; Lindsay S. See, in her official capacity as Commissioner of the Federal Energy Regulatory Commission; Judy W. Chang, in her official capacity as Commissioner of the Federal Energy Regulatory Commission; Federal Communications Commission; Brendan T. Carr, in his official capacity as Chairman of the Federal Communications Commission; Anna M. Gomez, in her official capacity as

Commissioner of the Federal Communications Commission; Federal Trade Commission; Andrew N. Ferguson, in his official capacity as Chairman of the Federal Trade Commission; Mark Meador, in his official capacity as Commissioner of the Federal Trade Commission; Internal Revenue Service; Frank J. Bisignano, in his official capacity as Chief Executive Officer of the Internal Revenue Service; Securities and Exchange Commission; Paul S. Atkins, in his official capacity as Chairman of the Securities and Exchange Commission; Hester M. Pierce, in her official capacity as Commissioner of the Securities and Exchange Commission; Mark T. Uyeda, in his official capacity as Commissioner of the Securities and Exchange Commission; United States Patent and Trademark Office; John A. Squires, in his official capacity as Director of the United States Patent and Trademark Office; United States Postal Service; David Steiner, in his official capacity as Postmaster General; and the United States of America, by and through undersigned counsel, respectfully move for summary affirmance of the Honorable Amir H. Ali's Order denying the motion to intervene by Appellant Andrew Delaney. *See* Min. Order (Mar. 31, 2026). The "merits of this appeal are so clear as to make summary affirmance proper," *Walker v. Wash.*, 627 F.2d 541, 545

(D.C. Cir. 1980), and "no benefit will be gained from further briefing and argument of issues presented," *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 298 (D.C. Cir. 1987). Delaney clearly failed to establish that intervention was appropriate under the Federal Rules of Civil Procedure, and the District Court correctly denied the motion.

## BACKGROUND

In the underlying action, the American Bar Association ("ABA") brings claims of alleged retaliation by federal agencies and officials against law firms impacted by President Trump's 2025 Executive Orders ("EOs"). One of these firms is Wilmer Cutler Pickering Hale & Dorr LLP ("WilmerHale"). Appellant Andrew Delaney, a former contract attorney who briefly worked for WilmerHale, sought intervention in this case to assert claims connected to his termination from the firm.

It appears that Delaney worked with WilmerHale on a document review project while a contract attorney employed by staffing agency HC2, Inc. *See Delaney v. HC2, Inc.*, No. 25-73-cv, 2026 WL 366443, at \*1 (2d. Cir. 2026). "A number of . . . lawsuits between the parties" arose following his termination from the project in 2020. *Id.* It allegedly started when Delaney's prior employer filed a lawsuit "seeking a temporary

restraining order and a preliminary injunction, preventing Delaney from divulging privileged or confidential information related to his participation in the document review project." *Id.*

On March 27, 2025, President Trump signed Executive Order 14250, titled "Addressing Risks from WilmerHale." *See Addressing Risks from WilmerHale*, 90 Fed. Reg. 14549 (Mar. 27, 2025); *see also* Compl. (R.1) ¶115. WilmerHale received injunctive relief against the EO on May 27, 2025; Delaney attempted to intervene in the suit on June 20, 2025. *See WilmerHale v. EOP*, 784 F. Supp. 3d 127 (D.D.C. 2025); *see also WilmerHale v. EOP*, Civ. A. No. 25-917-RJL (D.D.C.), ECF Nos. 118, 119. On June 27, 2025, the court denied Delaney's motion for leave to file his motion to intervene because he was not a party to the case and because the case had been closed. *See* Min. Order (June 27, 2025), Civ. A. No. 25-917 (RJL).

On June 24, 2025, four days after his (unsuccessful) attempt at intervening in the *WilmerHale* suit, Delaney filed both a motion to intervene in this case and included a proposed motion to dismiss. *See*

Mot. to Intervene (R.11).[1] On March 31, 2026, the District Court denied Delaney's request to intervene as a matter of right, holding that Delaney had not identified "any federal statute providing an unconditional right to intervene" or "any interest relating to the subject of this action sufficient to support intervention." *See* Min. Order (Mar. 31, 2026). Further, because Delaney did "not have a claim or defense that shares with the main action a common question of law or fact," the District Court exercised its discretion to decline permissive intervention under Federal Rule of Civil Procedure ("Rule") 24(b). *Id.*

On appeal, Delaney now raises five issues challenging the District Court's denial. *See* Statement of Issues. These include: 1) whether the District Court erred in requiring Delaney to identify a federal statute granting an unconditional right to intervene under Rule 24(a)(2); 2) whether the district court erred in concluding Delaney lacked a legally protectable interest relating to the subject of the action; 3) whether the district court erred in failing to analyze impairment of Delaney's asserted

---

[1] Delaney filed two erratas. *See* Prop. Mot. to Dismiss (R.12, R.13). But those documents are irrelevant to the appeal at hand because the District Court denied the motion to intervene as a threshold matter.

interests; 4) whether the district court erred in concluding that Delaney's interests were adequately represented; and 5) whether the district court abused its discretion in denying permissive intervention under Rule 24(b). *See id.*

## ARGUMENT

The Court should summarily affirm the District Court's denial of Delaney's motion seeking intervention. The order is on all fours with this Court's precedent.

## I.    Delaney did not show a statutory entitlement or a legally protected interest to intervene as of right.

A court must allow a non-party to intervene as a matter of right if a federal statute or regulation supplies an unconditional right to intervene, or if the intervening party "claims an interest relating to the property or transaction that is the subject of the action" and where "disposing of the action may as a practical matter impair or impede the movant's ability to protect [their] interest" Fed. R. Civ. P. 24(a). A party seeking to intervene as a matter of right must also demonstrate Article III standing. *In re Endangered Species Act Section 4 Deadline Litigation-MDL No. 2165*, 704 F.3d 972, 976 (D.C. Cir. 2013). Meaning, the movant

must show that he is personally harmed by the conduct. *See ANR Pipeline Co. v. F.E.R.C.*, 205 F.3d 403, 408 (D.C. Cir. 2000).

Here, Delaney cannot meet the requirements to intervene as a matter of right because he has not identified a statutory right, nor has he identified a cognizable interest in the underlying matter. First, Delaney failed to identify a federal statute that provides an unconditional right to intervene. *See* Mot. to Intervene (R.11). His failure to do so means he cannot meet the requirements of the Federal Rules. *See* Fed. R. Civ. P. 24(a)(1). Based on his failure to raise it below, he cannot do so now. *See Lesesne v. Doe*, 712 F.3d 584, 589 (D.C. Cir. 2013) (concluding that a pro se appellant had "abandoned" a claim why he provided "no argument why the dismissal … should be reversed" (citing D.C. Circuit cases)).

Second, Delaney fails to identify a concrete legal interest to justify his intervention. Hence, the District Court was correct in denying the motion to intervene. *See In re Endangered Species Act Section 4 Deadline Litigation*, 704 F.3d at 976; *ANR Pipeline Co.*, 205 F.3d at 408. In the proceedings below, Delaney contended that he had a "direct interest in . . . executive order preventing him from continue [*sic*] being subject to Wilmer Hale's misuse of the federal government and the judiciary," also

noting that a loss for the Government in this case "would be a significant injury to Delaney, who was protected by President Trump's executive order against the corrupt WilmerHale." Mot. To Intervene (R.11) at 5-6. But that would not be sufficient to establish his personal standing in the lawsuit. *See Mova Pharm. Corp. v. Shalala,* 140 F.3d 1060, 1074 (D.C. Cir. 1998). Additionally, such conclusory assertions fail to justify Delaney's intervention. *See United States v. Am. Tel. and Tel. Co.,* 642 F.2d 1285, 1291–92 (D.C. Cir. 1980).

Even if one is to accept the premise that Delaney has stated a cognizable interest in the present case, he has nonetheless failed to clarify how his interests are presently underrepresented. Delaney's stated interests lie in the enforcement of President Trump's EOs against WilmerHale—an outcome already sought by the Government in this case. Thus, Delaney's interests do not overcome a presumption of adequate representation, and the District Court correctly denied his arguments for intervention as of right. *Contra United States v. Phillip Morris Inc.,* 566 F.3d 1095, 1147 (D.C. Cir. 2009) (affirming district court's order permitting intervention when the government would not sufficiently represent the intervenors interest).

## II. The District Court did not abuse its discretion in denying intervention by permission.

Given Delaney's status as a *pro se* intervenor, the District Court also denied the motion as to permissive intervention. *See* Min. Order (Mar. 31, 2026).

A court may allow permissive intervention if the non-party sufficiently identifies "a conditional right to intervene by a federal statute" or "has a claim or defense that shares . . . a common question of law or fact" with the underlying lawsuit. Fed. R. Civ. P. 24(b)(1). If these prerequisites are met, a court may consider whether a non-party's intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). This court has consistently held that permissive intervention determinations are "well within the discretionary power of the District Court to make." *Hodgson v. United Mine Workers of America*, 473 F.2d 118, 127 (D.C. Cir. 1972). A prior denial of a motion for permissive intervention "is not usually appealable in itself, although the court may exercise its pendent appellate jurisdiction to reach questions that are 'inextricably intertwined with ones of which we have direct jurisdiction.'" *In re Endangered Species Act Section 4 Deadline Litig.*, 704 F.3d at 979. A

court that does exercise its review authority shall recognize that these determinations are "an inherently discretionary enterprise," and should give district courts determinations "wide latitude" under the Rule 24(b) review standard. *EEOC v. Nat'l Child.'s Ctr., Inc.*,146 F.3d 1042, 1046 (D.C. Cir. 1998). Thus, "reversal of a district court's denial of permissive intervention is a very rare bird indeed." *Id.* at 1048 (citation modified).

Here, the District Court did not abuse its discretion in denying permissive intervention. Delaney never attempted to establish an independent basis for jurisdiction. *See Nat'l Child.'s Ctr., Inc.*,146 F.3d at 1046. Nor did Delaney establish "a claim or defense that shares common question of law or fact with the main action." *Id.* at 1047. That is fatal to his request to intervene.

Indeed, Delaney failed to raise any substantive argument in support of permissive intervention, only alluding to Rules 24(b)(1)(B) and 24(b)(3) in a generalized request that "[i]f the Court does not grant Delaney's motion to intervene as a matter of right, he respectfully requests that the Court exercise its discretion to allow him to intervene under Rule 24(b)." Mot. to Intervene (R.11) at 7. But that argument is tantamount to forfeiture. *See Gov't of Manitoba v. Bernhardt*, 923 F.3d

173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only 'in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'" (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005)); *Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("An argument left so naked "is tantamount to failing to raise it."). Delaney's status as a pro se intervenor does not excuse him from that. *See Lesesne v. Doe*, 712 F.3d 584, 589 (D.C. Cir. 2013) (concluding that a pro se appellant had "abandoned" a claim why he provided "no argument why the dismissal … should be reversed" (citing D.C. Circuit cases)). Because this Court would not consider new arguments on appeal, *see Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016), summary affirmance is warranted.

Finally, though the Court did not address this in its minute order, it may be affirmed on the grounds that permitting Delaney to intervene would have caused undue delay or prejudiced the proceedings. Fed. R. Civ. P. 24(b)(3). Delaney's inclusion in this action would have inevitably caused delay and prejudiced the proceedings. It is evident that Delaney holds strong opinions towards WilmerHale and President Trump's EOs concerning the firm. He previously sought to intervene in the lawsuit

brought by WimerHale. *See WilmerHale v. EOP*, Civ. A. No. 25-917 (RJL) (D.D.C.), ECF Nos. 118, 119. Before the district court had a chance to rule, Delaney sought to intervene in the proceedings below. It appears that Delaney will simply look for any opportunity to litigate against WilmerHale based on his personal dispute with them. That potential sideshow would undoubtedly delay the proceedings and prejudice the named parties in the litigation below.

Accordingly, the District Court did not abuse its discretion in denying permissive intervention.

\* \* \*

# CONCLUSION

For the foregoing reasons, the Court should dismiss the appeal, or alternatively, summarily affirm the order below.

JEANINE FERRIS PIRRO
United States Attorney

JOHNNY H. WALKER, III
Assistant United States Attorney

*s/ Dhruman Y. Sampat*

DHRUMAN Y. SAMPAT
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2525
dhruman.sampat@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF COMPLIANCE

The foregoing complies with Federal Rule of Appellate Procedure 27(d), in that it contains 2,591 words, is in fourteen-point font, and utilizes Century Schoolbook typeface.

*s/ Dhruman Y. Sampat*

DHRUMAN Y. SAMPAT
Assistant United States Attorney

## CERTIFICATE OF SERVICE

Today, July 23, 2026, I certify that I caused the foregoing was served on the appellant by mailing it to the address below and all remaining parties by way of Court's CM/ECF system:

Andrew Delaney
3430 McKelvey Road
PMB 1195
Ste L
Bridgeton, MO 63044

*s/ Dhruman Y. Sampat*

DHRUMAN Y. SAMPAT
Assistant United States Attorney