BN 14687638.1.3-10

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
AUG 28 2026
RECEIVED

------------------------------------------------x

AMERICAN BAR ASSOCIATION,

Plaintiff-Appellee,

v. Case No. 26-5128

EXECUTIVE OFFICE OF THE PRESIDENT, et al.,

Defendants-Appellees,

------------------------------------------------x

ANDREW DELANEY,

Proposed Intervenor-Appellant.

------------------------------------------------x

APPELLANT'S COMBINED RESPONSE TO ORDER TO SHOW CAUSE AND OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR SUMMARY AFFIRMANCE

Appellant Andrew Delaney respectfully submits this combined response to the Court's August 13, 2026, Order to Show Cause ("OSC") [Doc #2188110] and Opposition to the Federal Defendants' Motion for Summary Affirmance [Doc #2184830].

## I. RESPONSE TO THE ORDER TO SHOW CAUSE

1. Good cause exists for Appellant's failure to respond to the Federal Defendants' July 23, 2026, Motion for Summary Affirmance by the August 6, 2026 deadline. As noted on the public docket, First Class Mail sent by the court to Appellant was returned to sender marked "Return to Sender; Attempted - Not Known; Unable to Forward" on August 17, 2026 [Doc #2188595]. Consequently, Appellant did not receive timely notice of the Court's subsequent scheduling timelines.

2. Furthermore, Appellant is proceeding pro se and mistakenly believed that his comprehensive Opposition to Summary Affirmance, lodged on July 17, 2026, and officially

BN14687638.1-4-10

filed by Clerk's Order on July 30, 2026 [Doc #2185791], collectively addressed the threshold intervention questions underpinning this entire appeal.

3. The Federal Defendants did not raise any objection to Appellant's intervention in the district court so he had no reason to believe that they would do so, or even have a right to do so, here.

4. Appellant has no intention of abandoning this appeal. To prevent a miscarriage of justice due to procedural or mailing errors, Appellant respectfully requests that this Court accept the following arguments as his timely response to the Federal Defendants' motion.

## II. SUMMARY AFFIRMANCE IS NOT WARRANTED

5. Summary affirmance is an extraordinary procedural device reserved exclusively for cases where the merits are so clear that no substantial question is presented. *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987). This appeal presents substantial, threshold legal questions regarding the correct interpretation and application of Federal Rule of Civil Procedure 24 that warrant full merits briefing.

## III. THE DISTRICT COURT'S MINUTE ORDER WAS REVERSIBLE LEGAL ERROR

### A. The Court Applied an Extra-Textual "Statute Requirement" to Rule 24(a)(2)

6. The district court denied intervention as of right because Appellant "has not identified any federal statute providing an unconditional right to intervene." This constitutes plain legal error. Rule 24(a)(2) does not require a federal statute conferring an unconditional right.

7. Rule 24(a)(2) explicitly allows intervention based on a "cognizable interest" and a "practical impairment" of that interest without requiring statutory entitlement. By importing the restrictive requirements of Rule 24(a)(1) into Rule 24(a)(2), the district court erroneously collapsed the distinction between intervention by statute and intervention by interest.

### B. The District Court Failed to Conduct a Mandatory "Practical Impairment" Analysis

BN 14687638 1.5-10

8. The district court summarily and conclusively asserted that Appellant lacked a "cognizable interest." This evaluation ignores that Appellant is a direct beneficiary of Executive Order 14250, which is at issue in this case.

9. Under D.C. Circuit precedent, the interest requirement is "not a rigid or technical one." The district court's failure to analyze Appellant's specific economic and litigation-related exposure under the Executive Orders constitutes an abuse of discretion.

C. The District Court Applied the Wrong Framework to Permissive Intervention

10. The district court denied permissive intervention on the basis that Appellant "has not identified a federal statute providing a conditional right."

11. This reasoning completely bypasses Rule 24(b)(1)(B), which allows for permissive intervention based solely on a shared "common question of law or fact." Because the Plaintiff-Appellee seeks to invalidate the Executive Orders and Appellant seeks to defend them, a common question of law is undeniable. A court by definition abuses its discretion when its decision rests on an error of law.

## IV. THE FEDERAL DEFENDANTS' MOTION DEMONSTRATES INADEQUATE REPRESENTATION, COMPLETE WAIVER, AND AN IMPROPER POSTURE OF ARGUING FOR WILMERHALE

A. The Federal Defendants Waived Their Right to Oppose Intervention

12. As a threshold matter, the Federal Defendants did not file any opposition to Appellant's Motion to Intervene in the district court below. It is a well-established tenet of appellate review that arguments or legal theories not presented to the district court ordinarily are forfeited and will not be considered for the first time on appeal. *Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016).

13. Because the Executive Office of the President and co-defendants sat on their hands and failed to contest Appellant's intervention below, they have completely waived their right to

BN 14687638 1.6-10

object to it now. They cannot resurrect dead objections or fabricate new arguments on appeal to procure summary affirmance over an intervention they chose not to oppose in the lower court.

B. The Government's Strategy Fails the Minimal Burden Standard

14. Under Rule 24(a)(2), a proposed intervenor must show that the existing parties do not adequately represent its interests. The burden is "minimal" and is satisfied where representation "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003).

15. The Federal Defendants' active filing of a Motion for Summary Affirmance against Appellant provides undeniable, conclusive proof of inadequate representation. Rather than vigorously defending the executive orders against the ABA's lawsuit, the Federal Defendants have expended their resources aligning with the ABA to shut out a citizen-beneficiary from the courtroom. This cooperative alignment between nominal adversaries strongly suggests institutional self-dealing, where government agencies clear the field of independent litigants to facilitate back-room compromises, as the Trump Administration has done with other law firms.

C. Countering the Government's Bad Faith Rhetoric and Defense of WilmerHale

16. In their motion, the Federal Defendants levy personal attacks and bad-faith insinuations against Appellant, disparaging this legitimate intervention as a "personal dispute" and a "potential sideshow" (Fed. Mot. at 14). This hostile rhetoric exposes a deep rift between the government's litigation strategy and the actual beneficiaries of Executive Order 14250.

17. The Federal Defendants incorrectly state: "Appellant Andrew Delaney, a former contract attorney who briefly worked for WilmerHale, sought intervention in this case to assert claims connected to his termination from the firm." (Document #2184830 at 6.) That characterization is incorrect. Appellant did not assert any claims against WilmerHale in this action. His proposed intervention instead concerned the legality and effect of the executive action challenged in this case.

BN14687638.1.7-10

18. The Federal Defendants also repeat the ABA's assertion that Appellant previously attempted to intervene in WilmerHale's separate lawsuit against the Federal Defendants. That proceeding is irrelevant to the Rule 24 issues presented here. The Federal Defendants nevertheless acknowledge that Appellant's intervention in that matter was denied because the "case was closed." (Document #2184830 at 6.)

19. The Federal Defendants state: "On June 24, 2025, four days after his (unsuccessful) attempt at intervening in the WilmerHale suit, Delaney filed both a motion to intervene in this case and included a proposed motion to dismiss." (Document #2184830 at 6.) Significantly, however, the Federal Defendants did not oppose Appellant's motion to intervene. The ABA was the only party that filed an opposition to Appellant's motion. The Executive Office of the President and the other Federal Defendants filed no opposition to intervention.

20. The Federal Defendants state: "Given Delaney's status as a pro se intervenor, the District Court also denied the motion as to permissive intervention." (Document #2184830 at 11.) The Federal Defendants refer to Appellant's pro se status four times. That characterization is not supported by the district court's ruling. The district court's March 31, 2026 order did not deny permissive intervention because Appellant was proceeding pro se. Rather, the court stated that Appellant had not identified a federal statute providing a conditional right to intervene and did not have a claim or defense sharing a common question of law or fact with the main action. The Federal Defendants' emphasis on Appellant's pro se status therefore does not identify a Rule 24(b) basis for affirmance and should not be permitted to substitute for the criteria actually applied by the district court.

21. The Federal Defendants state: "It appears that Delaney will simply look for any opportunity to litigate against WilmerHale based on his personal dispute with them." (Document #2184830 at 14.) Yet the Federal Defendants themselves acknowledge that the district court "did not address this in its minute order." *Id.* at 13. Thus, this is not a reason stated by the district court for denying intervention. Moreover, Appellant is not seeking to litigate

against WilmerHale in this action. His proposed intervention concerns WilmerHale's relationship to the executive order and the issues presented in this case, not a private claim against WilmerHale arising from his prior employment.

22. Shockingly, the Federal Defendants have abandoned their role as defenders of executive authority and are instead actively arguing on behalf of WilmerHale. By seeking to exclude Appellant to protect their nominal adversary from a "sideshow," the Federal Defendants have effectively switched sides. They are prioritizing corporate law firm convenience over the enforcement of the executive order.

23. Far from a "sideshow," Appellant's unique interest is deeply tied to the factual core of Executive Order 14250. As a retired attorney and former contractor for WilmerHale, Appellant has firsthand, insider exposure to the exact concentrated institutional power, undisclosed judicial conflicts, and uncompetitive systemic leverage that Executive Order 14250 was specifically designed to regulate and curb.

24. Appellant's specific background means his insight directly mirrors the regulatory mandate of the executive order. The government's eager adoption of the ABA and WilmerHale's dismissive narrative confirms that they seek to suppress relevant factual dimensions, easily satisfying the "minimal" burden required to show inadequate representation under *Trbovich*.

D. Appellant Did Not Forfeit His Permissive Intervention Arguments

25. The Federal Defendants mistakenly argue that Appellant "forfeited" his permissive intervention claims through "skeletal" arguments (Fed. Mot. at 12). This is a gross mischaracterization of the record.

26. Appellant properly moved for permissive intervention under Rule 24(b). The district court bypassed the required legal analysis entirely by inventing a non-existent statutory prerequisite. A pro se litigant cannot be accused of forfeiting an issue when the court itself commits an error of law by applying an entirely wrong legal framework.

BN 14687638 1.9-10



27. The Federal Defendants criticize Appellant's submissions as "skeletal." The criticism is particularly misplaced given the record below. The Federal Defendants' own jurisdictional motion was denied by the district court after briefing and oral argument. (Dkt. 22; Dkt. 43.) The district court also granted unopposed motions by two outside groups to file amicus briefs supporting the ABA's opposition to that motion. (Dkts. 28–29.) There was not a single amicus brief filed in support of their defense of the executive order. Outside organizations have overwhelmingly aligned against the administration.The Federal Defendants' characterization of Appellant's submissions thus is just rhetoric.

## V. CONCLUSION

For the foregoing reasons, Appellant has demonstrated good cause in response to the OSC. Appellant respectfully requests that this Court DENY the Federal Defendants' Motion for Summary Affirmance and permit this appeal to proceed to full merits briefing.

Dated: August 20, 2026
Respectfully submitted,

/s/ Andrew Delaney
Andrew Delaney, Appellant pro se
3550 North Goldwater Boulevard #1038
Scottsdale, AZ 85251
(623) 257-2210
srview1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2026, I am serving a true and correct copy of the foregoing Appellant's Combined Response to Order to Show Cause and Opposition to Federal Defendants' Motion for Summary Affirmance and Appellant's Notice of Change of Address upon the following counsel of record via First Class U.S. Mail, postage prepaid:

Neal Stuart Manne, Esq.
Steven M. Seigel, Esq.
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Counsel for Appellee American Bar Association

Dhruman Y. Sampat, Esq.

BN 1468 7638.1.10-10

Johnny H. Walker, III, Esq.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Counsel for Appellees Executive Office of the President, et al.

/s/ Andrew Delaney
Andrew Delaney, Appellant pro se

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

CBW4SP2 20001